**Horizon Capital NY L.P. v Right Time Auto. LLC**

2026 NY Slip Op 31002(U)

March 16, 2026

Supreme Court, Kings County

Docket Number: Index No. 518653/2025

Judge: Reginald A. Boddie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Commercial Part 12 of the Supreme Court
of the State of New York, held in and for the County
of Kings, at the Courthouse, located at 360 Adams
Street, Borough of Brooklyn, City and State of New
York on the 16th day of March 2026.

P R E S E N T :
Honorable Reginald A. Boddie
Justice, Supreme Court

------------------------------------------------------------------------x

HORIZON CAPITAL NY L.P,

                Plaintiff,

        -against-

RIGHT TIME AUTOMOTIVE LLC D/B/A IDRIVE,
DOUGLAS M KURZYNSKI, LUMOS LLC, IDEAL
GUN & PAWN LLC, and RIGHT TIME AUTOMOTIVE,

                Defendants.

------------------------------------------------------------------------x

Index No. 518653/2025

Cal. No. 12  MS 5

**Decision and Order**

The following e-filed papers read herein:        NYSCEF Doc Nos.
MS 5                                      85-104

Plaintiff's motion for summary judgment against pro se defendant Douglas Kurzynski is decided as follows:

**Background**

This action arises out of an alleged breach of a May 1, 2025 Sale of Future Receipts Agreement (the "Agreement"), pursuant to which plaintiff purchased $449,700 of future receivables of defendant Right Time Automotive LLC d/b/a iDrive ("Automotive") for a $300,000 purchase price, to be delivered through remittances of 24.05% of Automotive's estimated average sales revenue each weekday. The Agreement provided for a Net Funded Amount of $250,000, reflecting the total funds to be deposited after deduction of a $50,000 origination fee, to be

1

[* 1]

disbursed in two payments of $165,000 and $85,000 on April 29, 2025. Plaintiff alleges Automotive defaulted on May 23, 2025, triggering an acceleration of the Agreement and leaving an unpaid balance of $434,754.92. Plaintiff further sues guarantors Douglas M. Kurzynski ("Kurzynski"), Lumos LLC ("Lumos"), Idea Gun & Pawn LLC ("Gun"), and Right Time Automotive ("Right") on a guaranty of performance.

By Decision and Order dated October 30, 2025, the Court denied defendants' motion to dismiss the complaint in its entirety and granted plaintiff's motion to dismiss defendants' counterclaims and strike all affirmative defenses. By the same Decision and Order, the Court granted plaintiff's motion for default judgment against Automotive, Lumos, Gun, and Right (collectively, the "Business Defendants"). Judgment was entered against the Business Defendants, jointly and severally, in the total amount of $458,233.51 on December 22, 2025. The Court further ordered that the action against Kurzynski, who filed a pro se answer on July 9, 2025, be severed.

Additionally, on October 23, 2025, plaintiff filed a motion against Kurzynski, seeking an order pursuant to CPLR 3042(c) and CPLR 3124, compelling defendant to provide court-ordered discovery within 20 days, under penalty of striking defendant's answer and rendering a judgment against defendant. By Decision and Order dated January 20, 2026, the Court directed defendant to provide documents responsive to plaintiff's document demand request or a *Jackson* affidavit describing his efforts to locate the requested information within 30 days of notice of entry of the Decision and Order.

Plaintiff now moves for summary judgment under CPLR 3212 against Kurzynski for the principal amount of $434,754.82, plus statutory interest at 9% from the date of the breach on May 23, 2025, with costs and disbursements. Plaintiff argues that Sections 3, 14(e), and 30(a) of the Agreement were breached when Automotive instructed its bank to dishonor the ACH withdrawals to which plaintiff is contractually entitled. Plaintiff also contends that defendant breached Sections

2

[* 2]

13(b) and 30(e) of the Agreement by entering into other agreements for the sale of future receivables without plaintiff's consent.

In opposition, defendant argues that plaintiff did not fully fund the agreed Net Funded Amount, creating economic duress and causing defendant to default and enter into subsequent receivables purchase agreements. In reply, plaintiff argues that defendant fails to dispute the facts relevant to the breaches of the Agreement and fails to submit any documentary evidence to support his claim.

## Discussion

It is well established that summary judgment is warranted when "the proponent makes a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and the opponent fails to rebut that showing" (*Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010] [citation omitted]). Once the proponent has made a prima facie showing, the burden then shifts to the motion's opponent to present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). Upon a motion for summary judgment, the court's function is one of issue finding rather than issue determination (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). "It is not the function of a court . . . to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof)" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505 [2012] [citation omitted]).

Here, plaintiff has made a prima facie showing of entitlement to judgment as a matter of law. The documents of record, including the Agreement, wire confirmations, and supporting

3

affirmations, establish the existence of a valid receivables purchase agreement and guaranty, plaintiff's full performance thereunder by funding Automotive, and defendant's breaches.

Section 3 of the Agreement requires Automotive to deliver the purchased receivables through periodic ACH debits from an authorized account, and Section 14(e) of the Agreement authorizes plaintiff to initiate such ACH debit entries. Section 13(b) of the Agreement further prohibits Automotive from entering into other agreements for the sale of future receivables without plaintiff's prior written consent.

In addition, Section 30(a) of the Agreement provides that the guarantor agrees to guarantee Automotive's prompt and complete performance of its obligations, including the obligation not to revoke authorization to debit an authorized account or to take any action that interferes with plaintiff's rights under the Agreement. Section 30(e) further provides that the guarantor guarantees the obligation not to enter into any other agreement for the sale of future receivables without plaintiff's prior written consent.

The record reflects that multiple ACH debit attempts were dishonored and resulted in ACH Return Code R08. The record also reflects that Automotive entered into additional receivables purchase agreements without plaintiff's consent.

The Court notes that the principal amount of $434,754.82 sought by plaintiff includes (1) $324,783.40 in unpaid balance; (2) $140 in NSF return fees; and (3) default charges. The Court further notes that plaintiff's submissions reflect inconsistencies in the principal amount sought and the amount attributed to default charges, while the unpaid balance and the return fees remain unchanged. By the Court's calculation, the default charges represent approximately 33% to 34% of the unpaid principal amount.

Such default-related fees under a merchant-cash-advance agreement and guaranty are not enforceable when "[p]laintiff has not established (or attempted to establish) that these fees

4

constitute a reasonable advance estimate of difficult-to-calculate damages, as required for the fees to be collectible liquidated damages, rather than impermissible penalties" (*see Irwin Funding LLC v Adrian Valdez Transp.*, LLC, 80 Misc 3d 1210(A) [Sup Ct 2023]).  Plaintiff has made no such showing here.  Accordingly, the branch of plaintiff's motion seeking summary judgment on the default charges is denied.

Defendant fails to raise a triable issue of fact and merely asserts conclusory allegations without presenting evidentiary facts.  The Court notes that defendant failed to specify the amount of the alleged funding deficiency and defendant's contention that plaintiff failed to fund the Agreement as required is directly contradicted by the record.

### Conclusion

Based on the foregoing, plaintiff's motion for summary judgment is granted with respect to the unpaid balance and the return fees, and judgment is entered against defendant Kurzynski in the sum of $324,923.40, plus statutory interest from May 23, 2025, together with costs and disbursements as calculated by the Clerk.  Plaintiff shall file and serve a proposed judgment within twenty (20) days of the entry of this Decision and Order.

Any arguments not specifically addressed herein have been considered and are either without merit or rendered moot by the Court's determination.

ENTER:

_____
Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C,

5

[* 5]